UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE QUILLAR,<br><br>                        Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>                        Respondent. | Case No. 25cv0253-BTM (LR)<br><br>**ORDER:**<br><br>**(1) DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS;**<br><br>**(2) DENYING PETITIONER'S MOTIONS FOR TRANSFER, FOR RELEASE FROM CUSTODY AND FOR INJUNCTIVE RELIEF; AND**<br><br>**(3) ISSUING STAY** |

## INTRODUCTION

Petitioner Lee Quillar is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges a 1997 San Diego County Superior Court conviction and sentence for which a new judgment was entered upon resentencing in 2024. *See id.* The Petition is accompanied by a Motion for transfer to another county and a Motion for release from custody. ECF Nos. 2-3.

Respondent has filed a Motion to Dismiss the Petition. ECF No. 10. Respondent contends the Petition is premature because Petitioner's appeal of his new judgment is still pending in state court and the judgment is not yet final, rendering any claims arising from his resentencing proceedings unexhausted. ECF No. 10-1 at 1-4. Respondent argues that the motions accompanying the Petition should be denied because Petitioner has not shown special circumstances allowing for his release from custody prior to the resolution of the Petition, and the motion to transfer the resentencing proceeding to another county is moot since it is no longer pending in the San Diego County Superior Court. *Id*. at 4-5.

Petitioner has filed an Opposition arguing it is not necessary to wait for his appeal to resolve because he is taking advantage of the new judgment to re-adjudicate old claims for which he has already exhausted state court remedies, and alternately that any failure to exhaust can be excused. ECF No. 11 at 1-9. He has also filed a Request for Judicial Notice of state court documents, ECF No. 12, a Request for Judicial Notice of his own declaration along with the declaration, ECF Nos. 13-14, two identical Motions seeking a temporary restraining order and a preliminary injunction, ECF Nos. 15-16, and a supplemental Motion seeking a temporary restraining order and preliminary injunction, ECF No. 17.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a jury convicted Petitioner of causing a fire in an inhabited structure, arson of the property of another, assault with a deadly weapon or by force likely to produce great bodily injury, and false imprisonment by violence involving the personal use of a deadly weapon, a knife. *People v. Quillar*, 2022 WL 2185824, at *1 (Cal. App. Ct. June 17, 2022). The trial court found Petitioner had prior convictions for grand theft and assault with a deadly weapon in case number CR75335, and voluntary manslaughter and residential burglary in case number CR107662. *Id*. Petitioner was sentenced to thirty-six years to life in state prison, consisting of a base term of twenty-five years to life on the assault with a deadly weapon count, a one-year enhancement for use of a knife, and two five-year enhancements for his prior convictions, with the sentences on the remaining counts and enhancements either concurrent or stayed. *Id*. The state appellate court affirmed the

conviction and sentence in 1999, and the Supreme Court denied review in 2000. *Id*.

In 2001, Petitioner sought federal habeas relief in this Court pursuant to 28 U.S.C. § 2254, which was denied in 2003. *See Quillar v. California*, No. 01cv968, 2010 WL 5088808 (S.D. Cal. Dec. 7, 2010). The United States Court of Appeals for the Ninth Circuit affirmed in 2004. *Quillar v. California*, 116 Fed. Appx. 793 (2004).

In 2017, Petitioner sought resentencing in the state trial court pursuant to Proposition 36, codified at California Penal Code § 1170.126, *et seq.*, which allowed eligible inmates to request resentencing by filing a petition with the Superior Court before November 7, 2014. *See People v. Quillar*, 2019 WL 638124, at *1 (Cal. App. Ct. Nov. 27, 2019). The trial court denied relief as untimely, and the appellate court affirmed in 2019. *Id*. at *1-4.

In 2021, Petitioner sought resentencing in the state trial court pursuant to Proposition 47, codified at California Penal Code § 1170.18, seeking to have his prior conviction for felony grand theft in CR75335 reduced to a misdemeanor. *Quillar*, 2022 WL 2185824, at *1. The trial court denied the motion on the basis that Petitioner was required to seek that relief in CR75335. *Id*. Petitioner indicated for the first time on appeal that his grand theft conviction had been reduced to a misdemeanor in 2018. *Id*. The appellate court affirmed the denial on the basis that although a person who succeeds in reducing or invalidating a prior conviction used to enhance a sentence may seek resentencing under Proposition 47, that provision only applied to criminal judgments which were not final at the time it became effective in 2014, and Petitioner's conviction was final in 2000. *Id*. at *2.

On January 29, 2024, Petitioner filed an application in the Ninth Circuit seeking permission to file the instant federal Petition as a second or successive petition. ECF No. 1 at 1. While that application was pending in the Ninth Circuit, the state trial court resentenced Petitioner on August 22, 2024, pursuant to California Penal Code § 1172.75. ECF No. 10-1 at 7-9. The trial court struck the prison prior enhancements and let stand the sentence of twenty-five years to life on the assault with a deadly weapon count, ordered the sentences on the other counts to run concurrently, and entered a new judgment of conviction. *Id*. Petitioner filed a notice of appeal on October 23, 2024. *Id*. at 10.

1  On February 4, 2025, the Ninth Circuit transferred the Petition to this Court because Petitioner was now challenging a new judgment of conviction and no longer needed permission to file a second or successive petition. ECF No. 1; *see also Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (a federal petition is not second or successive if there has been a "new judgment intervening between the two habeas petitions.") On May 16, 2025, Petitioner's appointed counsel filed an opening brief in the state appellate court stating there were no arguable issues. *See* D085131, https://supreme.courts.ca.gov/case-information/docket-search (last visited August 15, 2025). On July 14, 2025, Petitioner's motion to represent himself on appeal was denied and the time for him to file a pro se supplemental appellate brief was extended 30 days. *Id*.

## ANALYSIS

Respondent seeks dismissal of the Petition on the basis that the judgment challenged is not yet final because Petitioner's appeal of his new judgment remains pending in state court. ECF No. 10-1 at 2-3. Petitioner opposes the motion, arguing that his claims have already been raised and denied in state court and are therefore fully exhausted, and that the entry of a new state court judgment "allows him to reach back and adjudicate matters that were completely incapable of being adequately developed as the claims were not ripe." ECF No. 11 at 1-9. He alternately argues that any failure to exhaust can be excused through gateway mechanisms or the state court's history of denying him due process. *Id.* at 1-2.

Petitioner claims in his federal Petition here that: (1) trial counsel Elizabeth Barranco rendered ineffective assistance by failing to interview or call any of Petitioner's defense witnesses at trial and using Petitioner's case to embezzle funds, and was later disbarred for similar fraudulent activities; (2) he was illegally sentenced to a term of life imprisonment under the three strikes law based on a prior conviction in CR75335 of battery on a peace officer causing great bodily injury because the state court record, which he only discovered during his appeal of his earlier resentencing proceedings, shows he is actually innocent of that prior conviction; (3) he was fraudulently stripped of his right to trial counsel when (a) the trial court dismissed appointed attorney Tarantino and forced Petitioner into self-

representation without his knowledge, consent or ability to prevent it, and entered a fraudulent minute order falsely reflecting he was present and had requested self-representation, (b) attorney Barranco falsely appeared as co-counsel while Petitioner was proceeding pro se knowing Petitioner was not competent to represent himself and had not requested to do so, and (c) attorney Barranco allowed the court to file a fraudulent minute order appointing her as his trial counsel and falsely claiming petitioner attended that hearing and requested her appointment; and (4) the state courts erred in denying those claims during his resentencing proceedings. ECF No. 1 at 8-14, 23-27. Petitioner states in the federal Petition that he exhausted those claims in a state supreme court habeas petition in case S274133 and a state supreme court petition for writ of error coram nobis in case S278477.[1] *Id*. at 23-26. He argues in his opposition that he also presented those claims to the state courts in prior resentencing proceedings, and requests the Court take judicial notice of those filings. *See* ECF No. 12 at 3-4. The Court will consider the exhibits attached to Petitioner's request for judicial notice, ECF No. 12, and his declaration and request for judicial notice of his declaration, ECF Nos. 13-14, as exhibits to his opposition to the motion to dismiss. His requests for judicial notice of those documents, ECF Nos. 12-13, are therefore moot.

The record presently before the Court is not developed as to what claims Petitioner is raising in his pending appeal or what claims he will ultimately present to the state supreme court should the state appellate court deny relief. Respondent contends that because at least one of the claims in the federal Petition challenges Petitioner's sentence as having been improperly enhanced, that claim will not be exhausted until the appeal of the resentencing order is complete. ECF No. 10-1 at 4.

---

[1] The habeas petition was denied on January 11, 2023, as untimely and successive, and the coram nobis petition was transferred to the state appellate court on May 9, 2023. *See* S278477 and S274133, https://supreme.courts.ca.gov/case-information/docket-search (last visited August 15, 2025).

Irrespective of whether Petitioner has presented the claims raised in the instant federal Petition to the state courts, the Ninth Circuit has stated that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, *even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts*." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (emphasis added); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.") Thus, even if Petitioner has already exhausted his state court remedies as to the claims raised in his federal Petition, he must await the outcome of the state appellate proceedings arising from his new state criminal judgment before this Court can adjudicate his federal claims.

That does not, however, mean the instant Petition must be dismissed at this stage of the proceedings. A federal district court has discretion to stay habeas proceedings pending resolution of an appeal of state resentencing proceedings. *See Duke v. Gastelo*, 64 F.4th 1088, 1098 (9th Cir. 2023) (first citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005); and then *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003)); *see also Henderson*, 710 F.3d at 874 ("*Sherwood* does not undermine the important precedent requiring district courts . . . to consider a petitioner's eligibility for a stay under *Rhines* [and *Kelly*].")

In determining whether to issue a *Rhines*/*Kelly* stay the Court looks to whether Petitioner has been diligently proceeding in state court, which he apparently has, and whether he would risk losing the ability to raise his federal claims. *See Duke*, 64 F.4th 1099 (citing *Kelly*, 315 F.3d at 1070) ("[T]here is a growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain federal review.") The *Duke* court found that the lack of controlling authority as to whether the federal one-year statute of limitations is tolled during a state appeal of resentencing proceedings made it uncertain whether the petitioner risked the loss of the federal claims not raised in that appeal, counseling in favor of a stay. *Id*. In this case, which has been pending about seven

months, staying rather than dismissing the action would avoid requiring Petitioner to refile an identical federal petition after completion of his state appeal, which is progressing expeditiously. Respondent's contention that the federal Petition contains an unexhausted claim also supports a stay rather than dismissal. *Henderson*, 710 F.3d at 874; *Kelly*, 315 F.3d at 1070.

The Court therefore finds that the interests of judicial efficiency and economy counsel in favor of staying this action pending the outcome of the ongoing state appellate proceedings. Accordingly, Respondent's Motion to Dismiss is **DENIED** and this action is **STAYED** pending resolution of Petitioner's appeal of the state trial court's August 22, 2024, resentencing order and judgment.

## PETITIONER'S MOTIONS

Petitioner seeks release from custody pending the outcome of his federal habeas proceedings, arguing that the claims raised in his federal Petition require his release, and that the trial court has been on notice of those claims since 2022, but has failed to order his release from custody. ECF No. 3 at 2-3. The Ninth Circuit has "not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition." *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) (per curiam); *see also In re Roe*, 257 F.3d 1077, 1080 n.2 (9th Cir. 2001) (declining to resolve the issue but expressing doubt as to whether the appliable rules "contemplate release on bail pending an initial decision in district court.") To the extent the Court has authority to order Petitioner's release pending the outcome of these proceedings, it would be limited to "extraordinary cases involving special circumstances or a high probability of success." *In re Roe*, 257 F.3d at 1080. Petitioner has made no such showing and his motion for release from custody is **DENIED**.

Petitioner has filed a Motion to transfer his state court proceedings to another county, which is directed at the state supreme court, arguing that he has not received due process in the courts of San Diego County. ECF No. 2 at 1-3. Respondent argues the transfer motion is moot since the resentencing proceedings are no longer pending in the San Diego

County Superior Court. ECF No. 10-1 at 4. Petitioner argues that he is being denied due process by the state appellate court as well, which is also located in San Diego County, and that his claims of wrongful imprisonment would be recognized as legitimate in any other county. *See* ECF No. 15-1 at 3-4; ECF No. 16-1 at 3-4. In two related motions, which are identical copies, and a supplemental motion, Petitioner seeks a preliminary injunction and a temporary restraining order suspending, until a ruling on his motion to transfer the case to another county, the operation of the July 14, 2025, appellate court order which denied his request for self-representation on appeal on the basis that there is no right to self-representation on appeal. ECF No. 15 at 1-2; ECF No. 15-2 at 29; ECF No. 16 at 1-2; ECF No. 16-2 at 29; ECF No. 17 at 1-2. Petitioner argues that he is being denied access to trial transcripts in his criminal case which would show he was not present at the three pretrial hearings which the trial court minutes fraudulently state he attended, and apparently contends that he would be in a position to obtain those records if he could proceed pro se on appeal or if his state proceedings were transferred to another county. ECF No. 15 at 3-4; ECF No. 15-1 at 3-4; ECF No. 16 at 3-4; ECF No. 16-1 at 3-4; ECF No. 17 at 2. Petitioner unsuccessfully sought copies of those records in the state court in 2006 and 2007, in a procedurally improper manner. *See Quillar v. Nielsen*, 2009 WL 726322. He unsuccessfully sought copies of those records in this Court in 2009 in a habeas petition which was dismissed as second or successive. *See* Order filed 9/25/09 at 1-2 [ECF No. 7], *Quillar v. Evans*, No. 09cv1649, 2009 WL 3381816 (S.D. Cal. Oct. 16, 2009).

  The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analyses). Petitioner "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Petitioner has failed to show he is likely to suffer irreparable harm if the appellate court order denying him permission to represent himself on appeal is not suspended until there is a ruling on his motion to have his state case transferred to another county. His claimed need for that relief—to obtain the trial transcripts necessary to support his claims in the instant federal Petition that state court minute orders fraudulently reflect his presence at court hearings—is not foreclosed in this action, but is premature. After the stay is lifted, Petitioner may seek to expand the record in this case to include those records. Accordingly, Petitioner's Motions for a preliminary injunction and temporary restraining order are **DENIED**.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Respondent's Motion to Dismiss [ECF No. 10], **DENIES** Petitioner's Motion for transfer [ECF No. 2], **DENIES** Petitioner's Motion for release from custody [ECF No. 3], and **DENIES** Petitioner's Motions for a temporary restraining order and a preliminary injunction [ECF Nos. 15-17].

This action is **STAYED** pending the completion of Petitioner's state proceedings appealing his August 22, 2024, state court judgment. Respondent is **DIRECTED** to submit status reports every ninety (90) days regarding the status of the state court appellate proceedings and to notify the Court within thirty (30) days of when those proceedings are final and request the stay be lifted.

**IT IS SO ORDERED.**

Dated: September 4, 2025

Honorable Barry Ted Moskowitz
United States District Judge