**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LEE QUILLAR,
Petitioner,
v.

JAMES HILL, Warden,
Respondent.

Case No.: 3:25-cv-00253-BTM-LR

**ORDER:**
**(1) GRANTING MOTIONS TO LIFT STAY,**
**(2) DENYING MOTION FOR RELIEF FROM ORDER,**
**(3) DENYING REQUEST FOR JUDICIAL NOTICE, AND**
**(4) DENYING MOTION FOR DISCOVERY**

**[ECF NOS. 24, 25, 26, 30, 31]**

Pending before the Court are several motions from Petitioner Lee Quillar. For the reasons stated below, the Court GRANTS the two motions to lift the stay, DENIES the motion for relief from the Court's previous order, DENIES without prejudice the request for judicial notice, and DENIES without prejudice the motion for leave to conduct discovery.

//

//

## I. BACKGROUND

The factual and procedural history of this case was provided in the Court's order on September 4, 2025. (*See* ECF No. 18 ("Stay Order"), at 2–4.) The Court restates the relevant portions here.

Lee Quillar was convicted in 1997 under case number SCE171374. (ECF No. 1 ("Pet."), at 15.) On August 22, 2024, he was resentenced by the state trial court. The court struck the prison prior enhancements, let stand the sentence of twenty-five years to life on the assault with a deadly weapon count, ordered the sentences on the other counts to run concurrently, and entered a new judgment of conviction. Quillar appealed the new judgment on October 23, 2024.

While the state appeal was pending, the Respondent moved to dismiss this petition on the basis that the 2024 judgment was not yet final. (ECF No. 10.) The Court held that the Petitioner must "await the outcome of the state appellate proceedings arising from his new state criminal judgment before this Court can adjudicate his federal claims." (Stay Order, 6.) Nonetheless, the Court denied the Respondent's motion to dismiss and stayed the case pending resolution of Quillar's state appeal. The Court also denied Quillar's motion to release him from custody pending the outcome of his habeas petition. (ECF No. 3.) Lastly, the Court denied Quillar's motion for transfer to another county and the related motions for a temporary restraining order and preliminary injunction to suspend a state court order denying Quillar's request for additional records while the transfer motion was pending. (ECF No. 2; ECF No. 15–17.) The Court stated that Quillar's need for the relief was "not foreclosed in this action, but is premature," and that he may seek to expand the record after the stay was lifted. (Stay Order, 9.)

On October 23, 2025, the California Court of Appeals dismissed Quillar's appeal of the new judgment as abandoned. *See People v. Quillar*, No. D085131 (Cal. Ct. App. Oct. 23, 2025). On December 30, 2025, the California Supreme Court denied Quillar's petition for a writ of mandate. *See Quillar v. Ct. of Appeal, Fourth App. Dist., Div. One*, No. S293988 (Cal. Dec. 30, 2025.) The Petitioner has since filed two motions to lift the stay,

a motion for relief from the Court's previous order, a request for judicial notice, and a motion for leave to conduct discovery.

## II. DISCUSSION

The Petitioner filed a motion to lift the stay and a second, nearly identical motion to lift the stay. (ECF No. 24; ECF No. 25.) The Respondent states that the 2024 judgment is now final and does not oppose lifting the stay. (ECF No. 29, at 2.) Accordingly, the Court grants the motions. The stay is lifted.

The Petitioner also moves for relief from the Court's order on September 4, 2025, pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6). (ECF No. 26 ("Mot. Relief").) He argues that the order rests on "materially inaccurate factual premises concerning (1) alleged self-representation on direct appeal, (2) the nature of transcript request, and (3) the status of state proceedings." (*Id.* at 1.) He requests that the Court vacate its previous order, reconsider the denial of the motion for release, verify his age at the time of his arrest for the 1997 conviction, hold an evidentiary hearing, reevaluate whether exhaustion is possible, and allow him to expand the record. (*Id.* at 5–6.)

Rule 60(b) allows for relief from an order because of, among other reasons, "(3) fraud, misrepresentation, or misconduct; . . . or (6) any other reason that justifies relief." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020)). To succeed under a Rule 60(b)(3) motion, the Petitioner must prove that the order was obtained by "fraud, misrepresentation, or other misconduct of an adverse party." *Id.* (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Relief under Rule 60(b)(6), on the other hand, is warranted only if "extraordinary circumstances" exist. *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (quoting *Ackermann v. United States*, 340 U.S. 193, 199–201 (1950)).

The Petitioner has not shown that he is entitled to relief under either subsection of Rule 60(b). His motion argues that the Court's order was "compromised" because it relied on "inaccurate factual premises." (Mot. Relief, 6, 1.) But Rule 60(b)(3) relief is given for

orders that were "unfairly obtained, not . . . those which are factually incorrect." *Trendsettah*, 31 F.4th at 1136. Moreover, relief is permitted under this rule only when fraud, misrepresentation, or misconduct is committed by "an adverse party." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (quoting *In re Grantham Bros.*, 922 F.2d 1438, 1442–43 (9th Cir. 1991)). The motion makes no reference to improper conduct by the Respondent during this litigation.

Neither has the Petitioner shown extraordinary circumstances that warrant relief. He argues that the Court assumed that his claims were capable of adjudication in the state forum and that "[t]here is a valid, properly functioning state appellate process." (Mot. Relief, 4.) He contends that the order's failure to examine this assumption "constitutes extraordinary circumstances." (*Id.* at 5.) But the Petitioner merely argues that the Court should reconsider its order because he believes it committed error. The remedy for an error is a motion for reconsideration or an appeal to the Ninth Circuit, not a Rule 60(b)(6) motion. Even if the Petitioner may point to a mischaracterization of the state trial record and the self-representation issue in the Court's order, the Court considered his argument for transfer because of unfair treatment and denied it without prejudice as premature. To the extent that the Petitioner attempts to relitigate his motions for release from custody, transfer, or waiving exhaustion through his Rule 60(b)(6) motion, the Court denies it. *Maraziti*, 52 F.3d at 254 (holding that a Rule 60(b) motion may not be used to relitigate the same issues and arguments on which a court has already ruled). Because the Petitioner has not demonstrated that he is entitled to relief under Rule 60(b), the motion is denied.

The Petitioner also requested that the Court take judicial notice of five facts:

> 1. The trial court's verdict is void based on stripping Petitioner of counsel;
> 2. Petitioner was found guilty of a charge that he was never charged for;
> 3. Petitioner is serving a life sentence based on a charge that does not exist within his alleged criminal history;
> 4. Petitioner never qualified to be sentenced under Section 667(b)–(i) (Three Strikes Law); and,

> 5. Petitioner was deprived of due process based on fraud upon the court in having trial counsel use his case to embezzle state funds.

(ECF No. 30, at 1.) Under Federal Rule of Evidence 201, a court may take notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)(1)–(2)). The statements provided by the Petitioner are not facts but legal conclusions. Each statement is part of a claim that Quillar asserts in his habeas petition. (*See* Pet., 25 (Claim 3), 24 (Claim 2), 24 (Claim 2), 24 (Claim 2), 23 (Claim 1).) Considering that the Respondent opposes the petition, the Court cannot find that these facts are "not subject to reasonable dispute." Quillar's request for judicial notice is denied without prejudice.

Lastly, the Petitioner moves for leave to conduct discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases. *Rules Governing Section 2254 Cases in the United States District Courts* (2019) [hereinafter *Habeas Rules*]. Although a habeas petitioner is "not entitled to discovery as a matter of ordinary course," a court may allow a petitioner to conduct discovery on a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Good cause exists "where specific allegations" show that the petitioner "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The Petitioner's request for the *Marsden*/*Faretta* transcripts was not explained in his motion. Regarding his four other requests, it is unclear to the Court how his request for papers from a collateral proceeding in 1985 would demonstrate that he is "entitled to relief" on his habeas claim challenging his new judgment. Even assuming this, the Petitioner's request for discovery is premature. The Respondent has yet to file an answer and lodge the state records which may contain what the Petitioner needs. Therefore, the motion for discovery is denied without prejudice.

## III. CONCLUSION

For the reasons stated above, the Court resolves the Petitioner's motions as follows. The motions to lift the stay are **GRANTED**. (ECF No. 24; ECF No. 25.) The stay is **LIFTED**. The motion for relief from the previous order is **DENIED**. (ECF No. 26.) The request for judicial notice is **DENIED** without prejudice. (ECF No. 30.) The motion for leave to conduct discovery is **DENIED** without prejudice. (ECF No. 31.)

The Respondent is ordered to file an answer to the petition and lodge the state court records no later than **October 3, 2026**. *See Habeas Rules* 5. The Petitioner may file a reply to the Respondent's answer no later than **November 6, 2026**. The case will be deemed submitted on **November 6, 2026**, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Honorable Barry Ted Moskowitz
United States District Judge